# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | ED CV 19-02482-AB (SPx) | Date: | March 11, 2020 |
|---|---|---|---|

Title: *Michael Teer v. Sabert Corporation et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Plaintiff's Motion to Remand**

Before the Court is Plaintiff Michael Teer's ("Plaintiff") Motion to Remand ("Motion," Dkt. No. 10). Defendant Sabert Corporation et al. ("Defendant") has not filed an opposition to this Motion. Having found this matter appropriate for resolution without oral argument, the Court vacated the hearing set for March 13, 2020. (*See* Dkt. No. 15). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.     LEGAL STANDARD

Under the Local Rules of the Central District of California ("Local Rules"), an opposition must be filed twenty-one days prior to the hearing date. C.D. Cal. L.R. 7-9; C.D. Cal. L.R. 7-12 (stating that a party's failure to file any document, such as an opposition, within the deadline "may be deemed consent to the granting or denial of the motion").

## II.    BACKGROUND

On December 26, 2019, Defendant filed its Notice of Removal in this action, invoking federal court jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (Dkt. No. 1). Pursuant to the Central District of California's Local Rule 6-1, Plaintiff filed his Motion to Remand on February 11, 2020, arguing that Defendant has failed to establish that Plaintiff's class-wide claims exceed the $5 million amount in controversy, as required for CAFA jurisdiction to vest. (*See* Motion). Plaintiff noticed the Motion for hearing on March 13, 2020, at least twenty-eight days after the Motion was filed. (*See id.*). Defendant has filed no opposition to the Motion.

### III. DISCUSSION

Again, the Local Rules provide that a party must file an opposition to a motion, here a Motion to Remand, no later than twenty-one days prior to the hearing date for which the motion is noticed. C.D. Cal. L.R. 7-9. Applying Local Rule 7-9 to Plaintiff's noticed hearing date of March 13, 2020, Defendant's opposition was due to be filed on or before February 21, 2020. To date, however, no opposition has been filed.

Defendant is in clear violation of the Local Rules and, under Local Rule 7-12, the Court deems Defendant's failure to respond as consent to granting Plaintiff's Motion for Remand. *See Deutsche Bank Nat'l Trust Co. v. Hermosillo*, No. SACV 13-450 JVS (RNBx), 2013 WL 12131276, at *1 (deeming the same also on a motion for remand). The Court further finds that "failure to timely oppose the motion to remand demonstrates a lack of commitment to or interest in prosecuting this action" in federal court. *Deuschel v. UC Regents Med. Ctrs. UC Los Angeles*, No. 2:18-CV-09616-ODW(PLAx), 2019 WL 1057046, at *2 (C.D. Cal. Mar. 6, 2019) (granting an unopposed motion to remand). Accordingly, the Court **GRANTS** the Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action back to the Superior Court of California, County of Riverside (Case No. RIC 1905847).

**IT IS SO ORDERED**.